Pfeifer, J.,
dissenting.
{¶ 29} For each year since 1997, when the parcel at issue was sold as part of a larger tract to its current owner, the Board of Tax Appeals (“BTA”) has determined the value of the parcel. For 1999, that value was $140,000; for 2000, 2001, and 2002, it was $325,000. In each of those years, the school board presented an appraisal by Timothy Nash, and for each of those years, the BTA rejected the use of the appraisal. Then, in 2003, for the tax year at issue in this case, the BTA surprisingly finds persuasive a modified version of the same appraisal and adopts a value of $1,200,000.
{¶ 30} This background suggests that something has gone wrong. Indeed it has. Although the majority correctly concludes that this case does not involve collateral estoppel or a presumption of validity as to a prior year’s valuation, the case does involve the BTA improperly ignoring its own previous findings on specific issues that pertain to the value of the parcel at issue.
{¶ 31} First, the BTA decision that addresses the 1999 tax year specifically notes that the buildings on the original tract needed asbestos remediation, and there is no proof that that has occurred. Olmsted Holdings, L.L.C. v. Cuyahoga Cty. Bd. of Revision (May 7, 2004), BTA Nos. 2002-M-2524, 2002-M-2546, 2002-M-2620, and 2002-M-2628 through 2002-M-2632, at 4. Second, with respect to tax year 2002, the BTA specifically held that the school board’s appraisal was not credible because the appraiser had not inspected the interior of most of the comparables. Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision (June 11, 2004), BTA Nos. 2002-A-2617 and 2002-A-2618, at 9-10. This constitutes a serious objection both in other decisions of the BTA and in the appraisal profession generally. See Medusa Assoc. Ltd. v. Cuyahoga Cty. Bd. of Revision (May 18, 2007), BTA No. 2005-A-490, at 9; Appraisal Institute, The Appraisal of Real Estate (13th Ed.2008) 233. Even though this deficiency persisted in the appraisal for tax year 2003, the BTA refused to attach the same significance to it. Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision (Apr. 29, 2008), BTA No. 2005-H-1436, at 9-10.
*142 Kolick & Kondzer, Thomas A. Kondzer, and John Desimone, for appellee Olmsted Falls Board of Education.
Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.
{¶ 32} These circumstances persuade me that the BTA has erred in valuing the property for tax year 2003. I would reverse and remand with instructions to retain the board of revision’s valuation of $325,000. I therefore respectfully dissent.
O’Donnell, J., concurs in the foregoing opinion.